No. 6167.

# MRS. TINETTE L. MOSES vs. JOSEPH TRAVERSE, ET AL.

## Syllabus.

1. The burden of proving payment lies on him who pleads it.

2. Whatever presumption of payment may arise from the fact that a note, at the time of suit thereon by the holder, bears the stamp "Paid," is overcome by the effect of a judgment therein in the holder's favor.

3. The paraphernal property of the wife of the lessee is not exempted from the operation of the law giving the landlord a right of pledge upon the property of third persons contained in the leased premises with their consent, express or implied.

R. C. C., 2707.

Appeal from the Civil District Court, for the Parish of Orleans, Division "B," No. 107,512. Hon. F. D. King, Judge.

Florence Loeber, for plaintiff and appellant.

P. L. Fourchy, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

This case was heretofore before us in connection with an injunction that issued herein. (See No. 6083 of our docket, decided May 4th, 1914).

A trial upon the merits has since been had and a judgment has been rendered dismissing the suit of plaintiff, the object of which is to prevent the sale of what she alleges to be her paraphernal property seized in the leased premises by the landlord, the defendant herein, who claims a privilege and pledge thereon in his favor to secure the unpaid rent due by plaintiff's husband.

Plaintiff's first contention is that no rent was due by her husband, the rent notes sued upon having been paid and that consequently her property cannot be taken in satisfaction of the alleged debt.

The landlord's claim against the husband upon the notes had been reduced to judgment, and the proceedings in the City Court against the husband wherein said judgment was obtained, were, without objection, offered and put in evidence by the defendant herein. Whatever presumption of payment may arise from the fact that the notes bear the stamp "paid," is destroyed not only by the effect of the judgment itself, but also by the evidence upon which said judgment was properly based, namely, the affidavit of the defendant to the effect that the notes had not been paid. This is all the evidence that the record contains upon the subject, and it is apparent that plaintiff has failed to sustain the burden that rested upon her of proving payment.

It is next contended by the appellant, that the movables seized by the defendant, the landlord, and consisting of certain household furniture, ornaments, etc., contained in the leased premises, constitute her separate, paraphernal property and cannot be seized for the rent, the debt of her husband, since the wife can neither bind herself nor her property for the husband's debt. R. C. C., 2398.

Under R. C. C., 2707, the pledge of the landlord embraces the property of third persons contained in the leased premises with their consent, express or implied, and no exception is made in favor of the wife whose separate, paraphernal property is so situated.

The question is apparently a novel one in our jurisprudence, but in France, where the code is not materially

— 343 —

different from our own upon the subject of the landlord's right of pledge, it has, on several occasions, arisen in connection with subjecting to the pledge the dotal property of the wife when contained in the premises leased to the husband. And it appears now to be well-settled by repeated adjudication that the right of pledge exists in such cases.

Fugier, Herman, Code Civil Annote; Vol. 4, p. 868, No. 107; Vol. 3, p. 1229, No. 196; Dalloz, Code Civil Annote. Vol. 4, p. 1293, No. 185.

On principle there is no reason why the same rule should not be applied to paraphernal or other property which the wife is forbidden to alienate or encumber for her husband's benefit. The fundamental idea underlying the landlord's pledge is that he will guage his attitude towards his tenant by the property upon the premisess apparently subject to his claim for rent, and the law insures that his substantial rights in this respect will not be impaired by secret equities in favor of any persons except those expressly exempted from the operation of the rule. R. C. C., 2708. Moreover, in a strict sense, it is not the wife who binds herself or her property in such a case for the debt of the husband, but rather it is the law itself that dedicates the property to the landlord's debt without imposing any personal obligation upon its owner.

There is no error in the judgment and it is affirmed.

Judgment affirmed.

Opinion and decree, June 15th, 1914.

Rehearing refused, June 30th, 1914.

Writ denied, October 26th, 1914.